(4 Misc. Rep. 543.)
### OWITER v. METROPOLITAN LIFE INS. CO.

(Common Pleas of New York City and County, General Term.   August 10, 1893.)

INSURANCE AGENT—CONTRACT OF EMPLOYMENT—INSPECTION OF ACCOUNTS.
  Where an insurance agent agrees in his written contract of employment that the state of his accounts shall be determined by an inspection of his books, and that such inspection, made by an authorized agent of the company, shall be binding on him, the result of such inspection is conclusive, and he cannot introduce evidence attacking the inspector's report.

Appeal from fourth district court.

Action by Leo Owiter against the Metropolitan Life Insurance Company.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Arnoux, Ritch & Woodford, (William H. Arnoux, of counsel,) for appellant.

Wm. John Warburton, for respondent.

GIEGERICH, J.  This action was brought by an agent of the defendant company to recover the sum of $50 deposited as security for honesty in the course of his employment.  The plaintiff entered the defendant's employ as agent of its branch in this city upon the 23d day of September, 1892, and left it on the 4th of January, 1893. The sum in suit was paid by him when he entered upon such employment.  The compensation attached to the position of agent, according to the terms of the contract, was of two kinds, viz.:   An "ordinary salary" of 15 per cent. upon the amount actually collected and paid in by the agent to the company, and a "special salary," according to the following terms:

"The special salary shall be fifteen times the amount of the net weekly increase of collectible debit in my agency.  Net increase of collectible debit is the excess of new business obtained by and credited to me over policies lapsed and charged against me on the books of the company, either during the continuance of my agency or within six weeks after the official transfer in the books of the company of the business of my agency."

It appeared that plaintiff had been previously employed in the capacity of agent by defendant's Brooklyn branch under a like contract of employment.  The provisions with reference to compensation were identical in the two contracts, and each contained a clause providing for the determination of the state of the account between the company and the agent in the following terms:

"I agree that the condition of my account with the company, either before or after the termination of my employment by the company, shall be ascertained and determined by an inspection of my weekly accounts, or my ledger, and by my collection book, or by the premium receipt books of the policy holders included in my debit.  Such inspection may be made at the direction of the company at any time, with or without notice to me, and by any person authorized by the company to make it; and when made, whether before or after the termination of my agency, and whether I shall be present at the inspection or not, I agree that the actual condition of my account with the company shall be determined by the report of the inspection as it shall be made by the authorized person aforesaid, as he shall compute the same from his entries in the inspection book.  And I hereby give such employe who shall inspect my agency as aforesaid full power and authority to compute the sum due by me to the company as it shall appear upon such inspection by him, and I hereby ratify his computations, and agree that the result thereof shall represent my indebtedness to the company, hereby waiving the production of any evidence other than such report and account."

There was a condition of the employment whereby the agent was to be charged with the amount of lapsed policies which he had solicited in the same degree as such policies had formed the basis for special compensation, and defendant set up a counterclaim upon the difference of account in its favor by reason of such condition, which counterclaim is based upon an indebtedness under both contracts. Evidence as to the amount of such indebtedness was given by the defendant's auditing officers.  Evidence was also given by defendant that an amount in excess of plaintiff's claim was due from him

to defendant upon his contract of employment in the New York branch. The evidence given upon these points was that of authorized officers of the company. As to their authority there is no contradiction. As to the amount due the company under the Brooklyn contract, such indebtedness was shown to be $132.60, but the plaintiff testified that when he left that employment everything was settled; that he did not owe the defendant one cent; and that he was all clear. Nevertheless, under his contract, he could be charged with lapses occurring thereafter; and as to the amount of such lapses the report of the person or persons authorized by the company to make an inspection of the plaintiff's weekly accounts in his ledger was conclusive, under the seventh paragraph of the contract as appears above. In submitting the case to the jury, the learned justice should therefore have charged, as requested, that the plaintiff was bound by the statements of the company's officers; and it cannot be reasonably said that the defendant's case was not prejudiced by this error. Again, the evidence given by the defendant as to plaintiff's indebtedness under the New York contract was uncontradicted, and, at all events, we think that a verdict should have been directed in defendant's favor for the amount so proved, less any sum which they may have found to be due to the plaintiff from the defendant. The witness so testifying was not an interested witness in the sense which would require the submission of his testimony to the jury, in order that his credibility should be passed upon. He testified in the course of his duties as the arbiter appointed by the plaintiff under his contract, to decide this very question of account. His uncontradicted testimony was conclusive. See Plyer v. Insurance Co., 121 N. Y. 692, 24 N. E. Rep. 929. The errors above pointed out necessitate a reversal of the judgment, and a consideration of any other questions arising upon this appeal is not necessary. The judgment should be reversed, and new trial ordered, with costs to abide the event.